DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRITZ ALISME,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-429

[October 23, 2019]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 09-22392CF10A.

Fritz Alisme, Florida City, pro se.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant Fritz Alisme challenges the trial court's summary denial of his motion for postconviction relief. Appellant claimed the DNA evidence admitted at trial was based on the inappropriate use of the combined probability of inclusion (CPI) method in making a match. The trial court did not order a state response to Appellant's motion before it summarily denied it, without explanation and without any record attachments refuting Appellant's contention. On appeal, Appellant argues the trial court erred in denying his motion in this fashion. In response to this Court's Order to Show Cause, the State concedes trial court error, citing to Florida Rule of Criminal Procedure 3.850(f)(5).[1]

---

[1] "*Motions Conclusively Resolved by the Court Record.* If the motion is legally sufficient but all grounds in the motion can be conclusively resolved either as a matter of law or by reliance upon the records in the case, the motion shall be denied without a hearing by the entry of a final order. If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief *shall* be attached to the final order." (emphasis added).

Accordingly, we reverse and remand for either record attachments that conclusively refute Appellant's claim or, alternatively, for an evidentiary hearing.  Fla. R. Crim. P. 3.850(f)(5), (8).

*Reversed and remanded.*

CIKLIN, CONNER and FORST, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***